IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES M. STRUNK                                                             PLAINTIFF

v.                      Civil No. 13-2024

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James Strunk, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") and supplemental insurance benefits ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.    **Procedural Background:**

The Plaintiff filed his application for DIB and SSI in October 2010, alleging an onset date of August 31, 2009, due swelling in his leg and foot, a bad shoulder, cramps under his ribs, possible gout, borderline diabetes, and depression. Tr. 129-141, 165, 179-180, 203. His claims were denied both initially and upon reconsideration. An administrative hearing was then held on December 2, 2011. Tr. 26-63. Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 47 years old and possessed a high school education and some college credits. Tr. 31-32. He had past relevant work ("PRW") experience as a convenience store cashier, cook, and delivery driver. Tr. 19, 32-34, 166, 170-178.

On December 21, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's diabetes mellitus, obesity, right shoulder pain, hypertension, and gout did not meet or equal any Appendix 1 listing. Tr. 13-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work involving only occasional overheard work, climbing, balancing, crawling, kneeling, stooping, and crouching. Tr. 15-19. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a lamp assembler, compact assembler, shoe buckler and lacer, charge account clerk, ordinance clerk, type copy examiner, and nut sorter. Tr. 19-20.

The Appeals Council denied Plaintiff's request for review on January 28, 2012. Tr. 156. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 10, 11.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**     **<u>The Evaluation Process:</u>**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, we note that the Plaintiff suffered from bilateral leg edema. In December 2010, Plaintiff reported to Dr. Van Hoang that it interfered with his ability to walk. Tr. 222-226. At this time, Dr. Hoang noted bilateral non-pitting edema, much worse in the right leg below the knee. Tr. 225. And, he assessed him with moderate physical limitations, although he did not specify what was meant by the term "moderate."

4

On January 18, 2011, Dr. Dario M. Espina conducted a bilateral segmental blood pressure analysis and ankle brachial index of the Plaintiff. Tr. 228-230. The results were normal, but Dr. Espina documented claudication and edema in both legs as well as calf tenderness on the right. Tr. 230.

On December 1, 2011, the Plaintiff was examined by Dr. Bao Dang, complaining of low back pain, diabetes, and hypertension. Tr. 266-269. Dr. Dang also documented edema in the right and left lower extremities, with non-pitting 3+ in the right leg and pitting 1+ in the left leg. Tr. 268.

While we note that the medical evidence of record is sparse, we are also concerned that none of the doctors examining Plaintiff were asked to complete a full RFC assessment indicating limitations arising from his impairments. The ALJ concluded that Plaintiff could perform a limited range of sedentary work. However, aside from limiting Plaintiff's time spent walking and/or standing, the assessment fails to incorporate Plaintiff's bilateral leg edema. The ALJ appears to have given no consideration to Plaintiff's contention that his edema requires him to elevate his legs at various times throughout the day. Because this is a reasonable limitation, we find that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC and obtain an RFC assessment from an examining doctor. Without such an assessment, the record does not provide substantial evidence to support the ALJ's determination that Plaintiff could perform a limited range of sedentary work with no accommodations made for the elevation of his lower limbs.

On remand, the ALJ is also directed to consider Plaintiff's contention that the lack of medical evidence is due to his inability to obtain medical care, rather than his mere failure to do so. "Although it is permissible in assessing the severity of pain for an ALJ to consider a

5

claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986) (citing *Tome v. Schweiker*, 724 F.2d at 714). Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). And, in the present case, Plaintiff has indicated that he was turned down by both Medicaid and at least one indigent/ low cost health care program. Accordingly, the ALJ should have developed the record further with regard to his ability to obtain medical treatment.

V.    **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)